```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE MIDDLE DISTRICT OF GEORGIA
                            ATHENS DIVISION

DONOVAN MCINTOSH and PEARALINE    *
VANESSA JONES,
                                  *
     Plaintiffs,
                                  *
vs.                                       CASE NO. 3:13-CV-21 (CDL)
                                  *
BANK OF AMERICA, et al.,
                                  *
     Defendants.
                                  *
```

O R D E R

Plaintiffs Donovan McIntosh ("McIntosh") and Pearaline Vanessa Jones ("Jones") (collectively, "Plaintiffs") assert claims against Defendants Bank of America, N.A. and Bank of New York Mellon (collectively, "Banks") for wrongful foreclosure, breach of contract, and violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p. Plaintiffs assert the same claims against Defendants Andrew Shuping and Shuping, Morse & Ross, LLP (collectively, "Shuping Defendants"). Each set of Defendants filed a motion to dismiss for failure to state a claim. Plaintiffs did not respond. As discussed below, the motions to dismiss (ECF Nos. 2 & 4) are granted.

MOTION TO DISMISS STANDARD

When considering a 12(b)(6) motion to dismiss, the Court must accept as true all facts set forth in the plaintiff's complaint and limit its consideration to the pleadings and

exhibits attached thereto. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do[.]" *Id.* Although the complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims, *id.* at 556, "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable,'" *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly,* 550 U.S. at 556).

Plaintiffs attached various documents to the Complaint, including correspondence. Defendants attached other documents, including the security deed, to their motions to dismiss. The authenticity of these documents is not challenged, and it is undisputed that these documents are central to Plaintiffs' claims. Therefore, the Court may consider the documents in

ruling on the pending motions to dismiss. *See Speaker v. U.S. Dep't of Health & Human Servs.*, 623 F.3d 1371, 1379-80 (11th Cir. 2010).

## FACTUAL ALLEGATIONS

Plaintiffs, who are proceeding *pro se*, make the following factual allegations in their Complaint. *See generally* Compl., ECF No. 1-1 at 4-12. McIntosh obtained a home loan from Pine State Mortgage Corporation in 2006. McIntosh signed a promissory note to Pine State Mortgage, and he also signed a security deed conveying a security interest in the property to Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Pine State Mortgage. Compl. 2 ¶ 2; Shuping Defs.' Mot. to Dismiss Ex. A, Adjustable Rate Note 4, ECF No. 2-2; Shuping Defs.' Mot. to Dismiss Ex. B, Security Deed 1, ECF No. 2-3.[1] The same day, McIntosh signed a warranty deed conveying the property to himself and Jones as joint tenants. Compl. Ex. B, ECF No. 1-1 at 19.

In March 2010, Andrew Shuping, acting on behalf of MERS as nominee for Pine State Mortgage, executed an assignment of the security deed to "The Bank of New York Mellon fka The Bank of New York as Trustee for the Certificate Holders CHL Mortgage Pass-Through Trust 2007-HYB1 Mortgage Pass-Through Certificates,

---

[1] Though Plaintiffs allege that they both entered a mortgage agreement with Pine State, the promissory note and security deed only list McIntosh as the borrower.

Series 2007-HYB1." Compl. Ex. C, Assignment, ECF No. 1-1 at 20. In September 2012, MERS filed a corrective assignment to correct the name of the assignee to "The Bank of New York Mellon FKA The Bank of New York, as Trustee for the Certificateholders of CWMBS, Inc., CHL Mortgage Pass-Through Trust 2007-HYB1, Mortgage Pass Through Certificates, Series 2007-HYB1." Shuping Defs.' Mot. to Dismiss Ex. D, Corrective Assignment, ECF No. 2-5. Bank of America was the servicer for Plaintiffs' loan.

Plaintiffs apparently do not dispute that McIntosh defaulted on the loan. *See* Compl. 4 ¶ 3(b) (noting that the "property first went into default" in March 2010). On behalf of the Banks, the Shuping Defendants sent a letter to McIntosh entitled "Notice of Sale Under Power." Compl. 2 ¶ 3; Compl. Ex. A at 1, Letter from Shuping, Morse & Ross, LLP to D. McIntosh (Nov. 29, 2012), ECF No. 1-1 at 13. The letter, which stated that it was sent via certified mail, explained that McIntosh's loan was in default due to nonpayment and that foreclosure proceedings were being instituted. *Id.* Although Plaintiffs allege that Jones was not sent any notice regarding the foreclosure proceedings, the letter listed Jones in the "Cc" line. *Id.* The letter stated, in bold type: "THIS LAW FIRM IS ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE." *Id.*

Andrew Shuping also copied McIntosh and Jones on a November 29, 2012 letter to the Walton Tribune.  The letter requested that the newspaper publish a Notice of Sale Under Power regarding Plaintiffs' home.  Compl. Ex. A at 3-5, Letter from A. Shuping to Walton Tribune (Nov. 29, 2012), ECF No. 1-1 at 15-17.  The letter stated, in bold type: "THIS LAW FIRM IS ATTEMPTING TO COLLECT A DEBT.  ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE."  *Id.* at 3, ECF No. 1-1 at 17.

Plaintiffs' property was sold at a foreclosure sale on January 2, 2012.  Compl. 2 ¶ 5.

## DISCUSSION

Although Plaintiffs' *pro se* Complaint is not entirely clear, the Court interprets the Complaint to make the following claims against Defendants:

1. Wrongful foreclosure and breach of contract based on failure to provide adequate notice of the foreclosure proceedings to Plaintiffs.  Compl. at 3 ¶ 1, 6 ¶¶ 8-10, 7 ¶¶ 11-12, 14-15, 17-19, 8 ¶¶ 20-21.
2. Wrongful foreclosure based on invalid assignment of the security deed.  Compl. at 3 ¶ 2, 4 ¶ 4, 5 ¶¶ 5-6, 6 ¶ 7, 7 ¶ 13.
3. Violations of FDCPA.  Compl. at 3-4 ¶ 3, 7 ¶ 16.

The Court addresses each claim in turn.

**I.   Inadequate Notice Claims**

Plaintiffs assert that Defendants did not comply with the notice requirements of Georgia law and the security deed. Specifically, Plaintiffs assert that Defendants did not comply with O.C.G.A. § 44-14-162 and that "Plaintiffs were not informed of the foreclosure." Compl. 3 ¶ 1. O.C.G.A. § 44-14-162 provides that a foreclosure sale must be advertised and that notice must be given as required by O.C.G.A. § 44-14-162.2. Under O.C.G.A. § 44-14-162.2, notice must "be given to the debtor by the secured creditor no later than 30 days before the date of the proposed foreclosure," and the notice must be in writing and sent by registered or certified mail or overnight delivery.

Plaintiffs attached to the Complaint a letter that was sent to them by certified mail and regular mail more than thirty days before the foreclosure sale. Compl. Ex. A at 1, Letter from Shuping, Morse & Ross, LLP to D. McIntosh (Nov. 29, 2012), ECF No. 1-1 at 13. Plaintiffs also attached to the Complaint a letter requesting that the Walton Tribune publish a Notice of Sale Under Power regarding Plaintiffs' home. Compl. Ex. A at 3-5, Letter from A. Shuping to Walton Tribune (Nov. 29, 2012), ECF No. 1-1 at 15-17. Plaintiffs' Complaint and its attachments therefore demonstrate that Plaintiffs *did* receive notice of the foreclosure sale and that the sale was advertised. Therefore,

the Court concludes that the Complaint does not contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence of" Plaintiffs' inadequate notice claims. *Twombly*, 550 U.S. at 556. These claims are therefore dismissed.

## II. Invalid Transfer Claim

Plaintiffs also contend that the assignment of the security deed from MERS to Bank of New York Mellon was invalid. As a preliminary matter, it is doubtful that Plaintiffs have standing to challenge the assignment. *E.g., Woodberry v. Bank of Am., N.A.,* Civil Action File No. 1:11-CV-3637-TWT, 2012 WL 113658, at *2 (N.D. Ga. Jan. 12, 2012).

Even if Plaintiffs did have standing to challenge the assignment, their Complaint and its attachments do not "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Under Georgia law, security deeds may be transferred by way of assignment. *See* O.C.G.A. § 44-14-64. The assignment must be in writing, signed by the grantee or the last transferee, and witnessed. *Id.* Here, the assignment, which Plaintiffs attached to their Complaint, is in writing, is signed by Andrew Shuping as vice president of MERS, contains the corporate seal of MERS, and was witnessed by a notary public. Compl. Ex. C, Assignment, ECF No. 1-1 at 20. Plaintiffs summarily allege that Shuping was not actually an agent or officer of MERS and that "the actions of the witnesses and

7

signors" of the assignment "qualify as Robo-Signers." Compl. 4 ¶ 4, 5 ¶ 5. Such conclusory allegations do not "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. There is no allegation that the assignment was signed by electronic means or that Shuping did not review the assignment document before signing it. Moreover, the present uncontested record establishes that MERS did appoint Shuping to be vice president of MERS with authority to make assignments such as the one at issue in this action. Shuping Defs.' Mot. to Dismiss Ex. E, Corporate Resolution, ECF No. 2-6. For all of these reasons, Plaintiffs' invalid transfer claim is dismissed.

### III. FDCPA Claim

Finally, Plaintiffs appear to claim that Defendants' actions violated the FDCPA. Specifically, Plaintiffs contend that Defendants failed "to establish a creditor as required by 15 U.S.C. § 1692." Compl. 7 ¶ 16. This allegation is not entirely clear, but the Court interprets it to allege that Bank of New York Mellon was not a "creditor" within the meaning of 15 U.S.C. § 1692a(4).

The FDCPA regulates the actions of debt collectors. A debt collector who fails to comply with the requirements of the FDCPA may be held liable under the FDCPA's civil liability provision, 15 U.S.C. § 1692k. Even if the Court were to accept as true Plaintiffs' apparent contention that Defendants were debt

8

collectors (and not creditors) within the meaning of the FDCPA, Plaintiffs' FDCPA claims still fail because Plaintiffs did not make any specific allegations that Defendants engaged in a prohibited act or otherwise failed to meet the FDCPA's requirements. Therefore, Plaintiffs' FDCPA claim is dismissed.

CONCLUSION

For the reasons set forth above, Defendants' Motions to Dismiss (ECF Nos. 2 & 4) are granted.

IT IS SO ORDERED, this 15th day of April, 2013.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE